**SUMMONS ISSUED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------
CHAYA RONESS on behalf of herself
and all other similarly situated

                    Plaintiff,

      -against-

CHECK PLUS SYSTEMS, L.P.

                    Defendant.
-------------------------------------------------------

CV-11 5986

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 08 2011 ★
LONG ISLAND OFFICE

GERSHON, J.
MANN, M.

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff seeks redress for the illegal practices of Check Plus Systems, L.P. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York and resides in this District. Defendant has addressed the plaintiff in the collection letter at issue as Princess Chaya.

3. Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt purportedly owed to HSN.

4. Upon information and belief, Check Plus Systems, L.P. is a Texas limited partnership which maintains an office for collection of debts in San Antonio, Texas.

1

5.  Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6.  Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7.  This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since the defendant transacts business in this district and the collection letter was sent into this district.

### *Allegations Particular to Chaya Roness*

9.  On information and belief, on a date better known by defendant, defendant began attempting to collect an alleged consumer debt from the plaintiff.

10. On or about April 15, 2011 defendant sent the plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. Said letter states in pertinent part as follows:

# "PRIORITY - GRAM

## \*\*\* ATTORNEY ASSIGNMENT FOR DEBT COLLECTION \*\*\*

### DEBT FILE ASSEMBLED FOR LOCAL / IN-STATE ACTION

**YOU ARE HEREBY NOTIFIED THAT THE BELOW DESCRIBED DEBT REMAINS UNPAID AS OF THIS DATE. THIS OFFICE HAS BEEN INSTRUCTED AND/OR HAS RECEIVED AUTHORIZATION FROM THE CREDITOR TO TAKE ALL ACTION WHICH IS LEGAL AND PROPER TO ENFORCE PAYMENT OF THIS DEBT ON A LOCAL LEVEL. THEREFORE, A**

**FILE CONTAINING DOCUMENTATION VALIDATING THIS DEBT HAS BEEN ASSEMBLED AND READY TO BE FORWARDED TO OUR AGENT IN YOUR AREA.**

THIS PROCESS CAN BE STOPPED IN THE NEXT 10 (TEN) DAYS BY YOU CONTACTING OUR CUSTOMER SERVICE DEPARTMENT AT 1-877-882-5153 AND MAKING PAYMENT.

NO ADDITIONAL FEES, COSTS, OR OTHER AMOUNTS, HAVE BEEN ADDED TO THE PRINCIPLE BALANCE LISTED BELOW. SHOULD WE BE REQUIRED TO FORWARD THIS DEBT FOR LOCAL ACTION, ALL ADDITIONAL AMOUNTS PERMITTED BY LAW WILL BE REQUESTED IN ADDITION TO THE BALANCE LISTED BELOW IN THIS PRIORITY GRAM."

12. Said language leads the "least sophisticated consumer" to believe that legal action will be taken to ensure payment of the debt.

13. Said language leads the "least sophisticate consumer" to believe that the plaintiff's account will be forwarded after ten days after receipt of the letter at issue.

14. Upon information and belief, especially the account and issue and similar accounts where the amount at issue is so small, there was no assembling of a file for local action and there was no authorization for that purpose.

15. Furthermore, there was no intent to take this action shortly after the ten day period as referenced in the letter.

16. The letter sets forth the name of the creditor in a way that the least sophisticated consumer would be confused.

17. The letter sets forth that the creditor as "MERCHANT - HSN" which is misleading.

18. The defendant has failed to set forth the proper name of the creditor to be commonly understood by the consumer.

19. The least sophisticated consumer would not deduce from reading the Collection Letter that the **name** of the **creditor** seeking collection is HSN (Home Shopping Network).

3

20. Defendant violated 15 U.S.C. 1692e(10). *See also Sparkman v. Zwicker & Assocs., P.C.*, 374 F. Supp. 2d 293, 301-02 (E.D.N.Y. 2005) and Suquilanda v. Cohen & Slamowitz also from the Eastern District of New York.

21. Defendant's letter is in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10) for engaging in deceptive and falsely threatening practices.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of herself and the members of a class, as against the defendant.*

22. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-21 as if set forth fully in this Cause of Action.

23. This cause of action is brought on behalf of plaintiff and the members of a class.

24. The Class consists of consumers who received the same form letter, as did the plaintiff.

25. The Class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about April 15, 2011 sent within one year prior to the date of the within complaint concerning Home Shopping Network (b) the collection letter was sent to a consumer seeking payment of a consumer debt; and (c) the collection letter was not returned by the postal service as undelivered (d) and that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10).

26. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

4

(A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

27. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the

establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

28. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

29. Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

30. The defendant's use of the language violates the Fair Debt Collection Practices Act.

31. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and on behalf of the members of the class, and against the defendant and award damages as follows:

    (a) Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

    (b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

    (c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
December 5, 2011

_[signature]_
Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_[signature]_
Adam J. Fishbein  (AF-9508)

7

# PRIORITY – GRAM

## CPS SECURITY

NOTIFICATION & DOCUMENTS SECTION
11118 WURZBACH STE 100
SAN ANTONIO, TX 7823
Phone 1-877-882-5153
Fax 1-210-641-1894

PRINCESS CHAYA - 3189073
529 CROWN ST
BROOKLYN, NY 11213

### *** ATTORNEY ASSIGNMENT FOR DEBT COLLECTION ***

#### DEBT FILE ASSEMBLED FOR LOCAL / IN-STATE ACTION

YOU ARE HEREBY NOTIFIED THAT THE BELOW DESCRIBED DEBT REMAINS UNPAID AS OF THIS DATE. THIS OFFICE HAS BEEN INSTRUCTED AND/OR HAS RECEIVED AUTHORIZATION FROM THE CREDITOR, TO TAKE ALL ACTION WHICH IS LEGAL AND PROPER TO ENFORCE PAYMENT OF THIS DEBT ON A LOCAL LEVEL. THEREFORE, A FILE CONTAINING INFORMATION VALIDATING THIS DEBT HAS BEEN ASSEMBLED AND READY TO BE FORWARDED TO OUR AGENT IN YOUR AREA.

THIS PROCESS CAN BE STOPPED IN THE NEXT 10 (TEN) DAYS BY YOU CONTACTING OUR CUSTOMER SERVICE DEPARTMENT AT 1-877-882-5153 AND MAKING PAYMENT.

NO ADDITIONAL FEES, COSTS, OR OTHER AMOUNTS, HAVE BEEN ADDED TO THE PRINCIPAL BALANCE LISTED BELOW. SHOULD WE BE REQUIRED TO FORWARD THIS DEBT FOR LOCAL ACTION, ALL ADDITIONAL AMOUNTS PERMITTED BY LAW WILL BE REQUESTED IN ADDITION TO THE BALANCE LISTED BELOW IN THIS PRIORITY GRAM.

PRINCESS CHAYA, Your Reference # is 3189073 [U4] ,State License # NY 1158837
TOTAL DUE AS OF 04/15/2011 $ 41.52
MERCHANT - HSN

| CLEAR THIS DEBT NOW WITH CREDIT CARD OR CHECK BY PHONE, CALL 1-877-882-5153 | | |
| --- | --- | --- |
| SELECT CARD TYPE | FILL-IN CARD NUMBER WITH EXPIRATION DATE | |
| [ ] VISA  [ ] MC  [ ] DISC.  [ ] AMEX | CARD # ____ - ____ - ____ - ____ | EXP. DATE ___ ___ - ___ ___ |
| CARDHOLDER SIGNATURE | TELEPHONE NUMBER | AMOUNT TO BE CHARGED $ _____ |

THIS HAS BEEN SENT FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT.
ALL INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE.